# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DARRYL L. WEBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09-0607-CV-W-FJG |
| | ) |
| MARK ONE ELECTRIC COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is plaintiff's Motion for Summary Judgment (Doc. No. 41) and plaintiff's Motion to Disallow Defendant's Use of Work History (Doc. No. 33).

**I.  Motion for Summary Judgment**

Plaintiff's motion is based on defendant's purported failure to respond to plaintiff's First Interrogatories and Request for Production of Documents in a timely manner.  On May 25, 2010, at 9:00 A.M. the Court held a teleconference to resolve communication issues amongst the parties.  As explained during the teleconference, plaintiff's Motion for Summary Judgment is premature at this stage in the litigation. Accordingly, plaintiff's Motion for Summary Judgment is **PROVISIONALLY DENIED**.

**II.  Plaintiff's Motion to Disallow Defendant's Use of Work History**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendant has issued subpoenas for employment records relating to Mr. Weber to the following employers and related organizations:

(1) RF Fisher Electrical Co., LLC
(2) O'Neal Electric Service
(3) Freedom Electric
(4) Parsons Corporation
(5) National Electrical Contractors Association

(6) Electric Joint Apprenticeship and Training Committee
(7) Shaw Electric

The subpoena commands production and permission to inspect and copy "[a]ny and all records relating to Darryl Weber." Defendant's Suggestions in Opposition (Doc. No. 37) state that defendant legally obtained plaintiff's work history documents, and learned the identities of plaintiff's previous employers by searching publicly available court records and by reviewing information plaintiff voluntarily disclosed on his application for employment with Defendant.

As with all discovery, the information obtained is admissible subject to the Federal Rules of Evidence. However, the Court has concerns that the information requested exceeds the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1), which requires requests appear "reasonably calculated to lead to the discovery of admissible evidence." Defendant's Suggestions in Opposition failed to explain how the broad scope of information sought in the subpoena is relevant to its defense or plaintiff's cause of action. Rather, defendant's subpoena appears to be a fishing expedition into plaintiff's work and personal history. Accordingly, the Court hereby **SUSTAINS** plaintiff's objection until defendant Mark One Electric Co. provides the Court with an explanation of the relevancy of the request as propounded in the subpoena.

### III. CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 41) is **PROVISIONALLY DENIED**;

2. Plaintiff's Motion for Order to Disallow Defendant's Use of Work History (Doc. No. 33) is **SUSTAINED** until defendant provides the Court with an explanation of the relevancy of the request in accordance with F.R.C.P 26(b)(1); and,

3. **IT IS FURTHER ORDERED** that upon issuance of this order, **PLAINTIFF** Darryl L. Weber file a Notice with the Court of his new telephone number, in order to modify the record to reflect his contact information.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via U.S. mail to: Darryl L. Weber, 419 N. 71st Terrace, Kansas City, MO 64118

**IT IS SO ORDERED.**

Date: 05/26/10　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge